**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**SCOTT A. SEARS,**

       **Plaintiff,**

      **v.**

**WHEELING HOSPITAL, et al.,**

       **Defendants.**

**Case No. 2:20-cv-6276
Chief Judge Algenon L. Marbley
Magistrate Judge Kimberly A. Jolson**

## REPORT AND RECOMENDATION

This matter is before the Court on the February 1, 2021, Show Cause Order.  (Doc. 8).  In accordance with the following discussion, the Undersigned **RECOMMENDS** Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 4) be **DENIED** and this case be **DISMISSED** for want of prosecution.

## I.      BACKGROUND

Plaintiff filed his complaint on December 8, 2020, without the required filing fee or motion for leave to proceed *in forma pauperis*.  (Doc. 1).  Following a deficiency notice from the Clerk (Doc. 3), Plaintiff filed the instant motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a).  (Doc. 4).  Upon review of that motion, the Undersigned was unable to determine how Plaintiff supported himself and ordered him to submit a revised motion to proceed without prepayment of fees.  (Doc. 7).  After Plaintiff failed to file any such revised motion, the Undersigned afforded Plaintiff ten (10) days to either submit a revised motion, or to otherwise show cause why he cannot provide such information.  (Doc. 8).  In that Order, the Undersigned noted that failure to comply could result in a recommendation that this case be dismissed for want

of prosecution pursuant to Federal Rule of Civil Procedure 41. (*Id*.). As of the date of this Report and Recommendation, Plaintiff has not responded to the show cause order.

## II.     DISCUSSION

First, Plaintiff has failed to meet the standard governing a motion to proceed *in forma pauperis*. The Supreme Court, in *Adkins v. E.I. DuPont de Nemours & Co., Inc.*, set forth the legal standard applicable to a motion to proceed *in forma pauperis*. 335 U.S. 331 (1948). An affidavit of poverty is sufficient if it reflects that the plaintiff cannot pay the Court's filing fee without depriving himself the "necessities of life." *Id*. at 339 (internal quotation marks omitted). Although the plaintiff need not be totally destitute in order to proceed *in forma pauperis*, paying the filing fee must be more than a mere hardship. *See Foster v. Cuyahoga Dep't of Health & Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001) (noting that "the question is whether the court costs can be paid without undue hardship"). Consequently, unless it is clear that the one-time payment of the Court's filing fee will render the plaintiff unable to provide for himself, the Court cannot grant him *in forma pauperis* status. *See Adkins*, 335 U.S. at 339.

In his affidavit, Plaintiff represents that he has been unemployed since 2018 and that he has not received any income from any other source in the past year. (Doc. 4 at 2–3). Furthermore, he represents that he has no monthly expenses. (*Id*.). As it currently stands, Plaintiff's affidavit does not reflect that he cannot pay the Court's filing fee without depriving himself the "necessities of life." *Adkins*, 335 U.S. at 339.

Second, given Plaintiff's repeated failures to cure the deficiencies in his motion to proceed *in forma pauperis*, dismissal of this matter for failure to prosecute is appropriate. The Court may dismiss an action for failure to prosecute under its inherent power to control its docket, *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962), or under Rule 41(b) of the Federal Rules of Civil

Procedure.  Rule 41(b) provides, in pertinent part that "[i]f the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) ... operates as an adjudication on the merits."  The measure is available to the Court "as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties."  *Knoll v. AT & T*, 176 F.3d 359, 363 (6th Cir. 1999).

The Sixth Circuit directs the district court to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363).  "'Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'"  *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

Since filing this action in December, Plaintiff has repeatedly failed to comply with this Court's orders, despite the Undersigned's repeated instruction.  (*See generally* Docs. 7, 8).  After initially failing to pay the required filing fee, Plaintiff subsequently ignored two Court orders requiring him to supplement his motion to proceed without prepayment of fees.  (*Id*.).  He has been afforded well over thirty days to comply with these orders, or to show cause otherwise.

In view of the foregoing, the Undersigned concludes that Plaintiff has abandoned this action.  Although this Court has a "favored practice of reaching a disposition on the merits," the Court's "need to manage its docket, the interest in expeditious resolution of litigation, and the risk

of prejudice to the defendant" outweigh allowing this case to linger. *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993). Finally, the Undersigned has considered less drastic sanctions than dismissal but concludes that any such effort would be futile given Plaintiff's failure to participate in these proceedings.

The Undersigned, therefore, **RECOMMENDS** Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 4) be **DENIED** and this case be **DISMISSED** for want of prosecution.

## Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

Date: February 17, 2021                    /s/Kimberly A. Jolson
                                           KIMBERLY A. JOLSON
                                           UNITED STATES MAGISTRATE JUDGE